ORIGINAL

FILED IN CHAMBERS
U.S.D.C. Atlanta

DEC 19 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BENY MESIKA AND ELIZABETH KUECHER | Criminal Indictment<br><br>No. 1:16-cr-00224-MHC-CMS<br><br>First Superseding |

THE GRAND JURY CHARGES THAT:

### COUNT ONE
### Conspiracy
### (21 U.S.C. § 846)

1. Beginning in at least August 2012, and continuing until at least June 2016, in the Northern District of Georgia and elsewhere, **BENY MESIKA**, John Wesley Houser, IV ("Houser"), and **ELIZABETH KUECHER**, together with others known and unknown to the grand jury, knowingly and willfully combined, conspired, confederated, and agreed with each other and others to knowingly and intentionally manufacture, distribute, and dispense, and possess with the intent to manufacture, distribute, and dispense, anabolic steroids, which are Schedule III Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(E).

2. The object of the conspiracy was to manufacture, distribute, and dispense purported "dietary supplement" products marketed to increase muscle mass and strength, which in fact contained synthetic anabolic steroid compounds, which were Schedule III controlled substances.

## Manner and Means of the Conspiracy

The manner and means by which the conspiracy was carried out included, among other things, the following:

3. Defendant **MESIKA** and Houser were the owners and operators of Adrenaline Nutrition Supplements, LLC ("ANS"). ANS operated as a manufacturer, packager, and distributor of various purported "dietary supplements," which in fact contained anabolic steroids.

4. Defendant **KUECHER** was the owner of Lolcc Productions LLC ("Lolcc") and Twin Peaks F LLC ("Twin Peaks"), which operated as manufacturers, packagers, and distributors of various purported "dietary supplements," which in fact contained anabolic steroids.

5. Defendants **MESIKA** and **KUECHER**, along with Houser and others, obtained from overseas suppliers in China and Hong Kong synthetic steroid compounds to be incorporated as ingredients in defendants' purported "dietary supplement" products.

6. Defendants **MESIKA** and **KUECHER**, along with Houser, through their companies, including ANS, Lolcc, and Twin Peaks, then directed the manufacturing, packaging, marketing, and distribution of purported "dietary supplements" for increased muscle gain, which in fact contained controlled synthetic steroid compounds.

7. The purported "dietary supplements" manufactured and packaged by ANS, Lolcc, and Twin Peaks, which in fact contained anabolic steroids, were

ultimately sold to end-user consumers, sometimes through dietary supplement distributor customers of ANS, Lolcc, and Twin Peaks.

8.  For example, ANS, under the direction and control of defendant **MESIKA** and Houser, manufactured and distributed products called "Mass Destruction," "Mutant Plexx," and "Mass Trauma," which were marketed as pro-hormone "dietary supplements" to increase muscle mass and strength. "Mass Destruction," "Mutant Plexx," and "Mass Trauma" contained the anabolic steroid Methasterone, a Schedule III Controlled Substance, which was not declared as an ingredient on the respective product's label.

9.  The use of "Mass Destruction" by end-user consumers resulted in serious bodily injury and death.

10. Lolcc and Twin Peaks, under the direction and control of defendants **MESIKA** and **KUECHER**, manufactured and distributed the products "DZine" and "Epivar," which were marketed as pro-hormone "dietary supplements" to increase muscle mass and strength.  "DZine" and "Epivar" each contained the anabolic steroid Methasterone, a Schedule III Controlled Substance, which was not declared as an ingredient on the respective product's label.

All in violation of Title 21, United States Code, Section 846.

### COUNTS TWO THROUGH FOUR
**Distribution of a Controlled Substance**
**(21 U.S.C. §§ 841(a)(1) and (b)(1)(E))**

11. The factual allegations set forth in paragraphs 1 through 10 are re-alleged and incorporated herein by reference.

12. On or about the dates set forth below, each date constituting a separate count of the Indictment, in the Northern District of Georgia and elsewhere, defendant, **BENY MESIKA**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally manufacture, distribute, and dispense, and possess with the intent to manufacture, distribute, and dispense, purported dietary supplement products, as more fully described below, which contained the anabolic steroid Methasterone, a Schedule III Controlled Substance:

| COUNT | DATE | PRODUCT |
|---|---|---|
| 2 | 12/6/2012 | Mutant Plexx containing Methasterone |
| 3 | 8/9/2013 | Mass Destruction containing Methasterone |
| 4 | 10/28/2013 | Mass Trauma containing Methasterone |

13. The use by consumers of "Mass Destruction" resulted in serious bodily injury and death.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(E), and Title 18, United States Code, Section 2.

### COUNTS FIVE THROUGH SEVEN
**Introduction of Misbranded Drugs into Interstate Commerce**
**(21 U.S.C. §§ 331(a) and 333(a)(2))**

14. The factual allegations set forth in paragraphs 1 through 10 are re-alleged and incorporated herein by reference.

4

15. On or about the dates set forth below, each date constituting a separate count of the Indictment, in the Northern District of Georgia and elsewhere, the defendant, **BENY MESIKA**, aided and abetted by others known and unknown to the Grand Jury, with intent to defraud and mislead, did introduce and deliver for introduction and cause to be introduced and delivered for introduction into interstate commerce drugs, as more fully described below, which were misbranded within the meaning of:

    a. Title 21, United States Code, Section 352(a), in that the drugs' respective labeling was false and misleading in a particular, namely that Methasterone, an anabolic steroid, was not listed as an ingredient; and

    b. Title 21, United States Code, Section 352(f), in that the drugs' respective labeling did not bear: (i) adequate directions for use; (ii) adequate warnings against use in those pathological conditions where its use may be dangerous to health, and (iii) adequate warnings against unsafe dosage, methods, and duration of administration and application, in such manner and form as are necessary for the protection of users:

| COUNT | DATE | MISBRANDED DRUG | INTRODUCTION INTO INTERSTATE COMMERCE |
|---|---|---|---|
| 5 | 12/6/2012 | Mutant Plexx | From GA to TX |
| 6 | 8/9/2013 | Mass Destruction | From GA to TX |
| 7 | 10/28/2013 | Mass Trauma | From GA to NC |

All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2) and Title 18, United States Code, Section 2.

## COUNT EIGHT
**Conspiracy**
**(18 U.S.C. § 371)**

16.     The factual allegations set forth in paragraphs 1 through 10 are re-alleged and incorporated herein by reference.

17.     Beginning on or about October 2011, and continuing until at least June 2016, in the Northern District of Georgia and elsewhere, defendants, **BENY MESIKA** and **ELIZABETH KUECHER**, together with others known and unknown to the grand jury, including John Wesley Houser, IV ("Houser"), knowingly and willfully combined, conspired, confederated, and agreed with each other and others, to import and bring into the United States merchandise contrary to law, and fraudulently and knowingly receive, conceal, buy, sell, and facilitate the transportation, concealment, and sale of merchandise imported into the United States contrary to law, then knowing that said merchandise had been imported contrary to law, in violation of Title 18, United States Code, Section 545;

18.     The object of the conspiracy was to obtain from overseas suppliers, and to import into the United States through concealment methods, synthetic steroid compounds and other non-dietary ingredients, which were to be incorporated as ingredients in defendants' purported "dietary supplement" products.

## Manner and Means of the Conspiracy

The manner and means by which the conspiracy was carried out included, among other things, the following:

19. Defendants **MESIKA** and **KUECHER**, along with Houser, obtained from China and Hong Kong synthetic steroid compounds, which were smuggled into the United States through concealment methods, to be incorporated as ingredients in defendants' purported "dietary supplement" products.

20. Defendants **MESIKA** and **KUECHER**, along with Houser, directed the manufacturing, marketing, and distribution of purported "pro-hormone dietary supplements" for increased muscle gain, which in fact contained synthetic steroid compounds.

## Overt Acts in Furtherance of the Conspiracy

21. In furtherance of the conspiracy and to accomplish its object and purpose, at least one of the co-conspirators committed and caused to be committed, in the Northern District of Georgia, and elsewhere, at least one of the following overt acts, among others:

    a. On or about November 9, 2012, Houser sent an email to an overseas supplier requesting a pricing list.

    b. On or about August 16, 2013, an email was sent from an overseas supplier to Houser indicating that the compounds (*i.e.*, anabolic steroids and/or other non-dietary ingredients) would be shipped together with some amino acids and herbals and that the

    compounds would be placed on the bottom of the drums and covered with the amino acids and herbals for safe shipping.

  c. On or about March 3, 2014, defendant **KUECHER** caused an email to be sent from the alexis_tp01@aol.com account to an overseas supplier.

  d. On or about February 9, 2015, defendant **KUECHER** caused an email to be sent from the keller1021.will@aol.com account to an overseas supplier.

  e. On or about June 11, 2015, Houser sent an email to an overseas supplier ordering two kilograms of Ostarine to be shipped in alternating names of "Ben Mesika" and "Wesley Houser."

All in violation of Title 18, United States Code, Section 371.

### COUNTS NINE THROUGH ELEVEN
**Smuggling**
(18 U.S.C. § 545)

22.   The factual allegations set forth in paragraphs 1 through 10 and 19 through 20 are re-alleged and incorporated herein by reference.

23.   On or about the dates set forth below, each date constituting a separate count of the Indictment, in the Northern District of Georgia and elsewhere, defendants, **BENY MESIKA** and **ELIZABETH KUECHER**, along with others known and unknown to the grand jury, fraudulently and knowingly imported from China and brought into the United States merchandise contrary to law in that the merchandise was falsely labeled, and received, concealed, bought, sold,

and facilitated the transportation, concealment, and sale of such merchandise imported into the United States contrary to law, then knowing that said merchandise had been imported contrary to law:

| COUNT | DATE | MERCHANDISE (COMPOUNDS) |
|---|---|---|
| 9 | 8/22/2014 | 25kg DMZ<br>10kg 3.5.7 |
| 10 | 11/5/2014 | 75kg DMAA<br>10kg DMZ<br>10kg Methylclost<br>2 kg Tren<br>1kg M1A |
| 11 | 02/12/2015 | 5kg Epi<br>2.5kg Trenavar<br>5kg M1<br>10kg DMZ<br>10kg 6cl<br>5kg Arimistane<br>25kg DMAA |

All in violation of Title 18, United States Code, Sections 545 and 2.

### COUNT TWELVE
### Conspiracy
### (18 U.S.C. § 371)

24. The factual allegations set forth in paragraphs 1 through 10 are re-alleged and incorporated herein by reference.

25. Beginning in or about September 2013, and continuing until at least June 2016, in the Northern District of Georgia and elsewhere, defendants, **BENY MESIKA** and **ELIZABETH KUECHER**, together with others known and

unknown to the grand jury, including John Wesley Houser, IV ("Houser"), knowingly and willfully combined, conspired, confederated, and agreed with each other and others, with intent to defraud and mislead, to fail to register with the United States Food and Drug Administration ("FDA") a food facility in accordance with Title 21, United States Code, Section 350d, in violation of Title 21, United States Code, Sections 331(dd) and 333(a)(2).

26. The object of the conspiracy was to operate unregistered facilities and open new business entities, allowing defendants to continue to manufacture, package, and distribute purported "dietary supplement" products containing controlled anabolic steroids without regulatory oversight by the FDA and possible detection by law enforcement.

Manner and Means of the Conspiracy

27. Defendants **MESIKA** and **KUECHER** were notified that the FDA considered products containing Methasterone to violate the federal Food, Drug, and Cosmetic Act, and thereafter leased, or directed others to lease, new manufacturing and distribution space, but failed to register those food facilities with the FDA, as required by law.

28. Defendants **MESIKA** and **KUECHER**, either created, or directed others to create, new corporate entities through which defendants continued to manufacture, package, and distribute purported "dietary supplement" products containing anabolic steroids.

29. Defendants **MESIKA** and **KUECHER**, either opened, or directed others to open, bank accounts for the new corporate entities through which

defendants conducted financial transactions for the manufacturing, packaging and distribution of purported "dietary supplement" products containing anabolic steroids.

### Overt Acts in Furtherance of the Conspiracy

30. In furtherance of the conspiracy and to accomplish its object and purpose, at least one of the co-conspirators committed and caused to be committed, in the Northern District of Georgia, and elsewhere, at least one of the following overt acts, among others:

   a. On or about October 15, 2013, defendant **MESIKA** leased property located at 5891 New Peachtree Rd, Suite 120, Doraville, GA 30340.

   b. On or about November 22, 2013, defendant **MESIKA** leased property located at 3715 Northcrest Road, Suite 25, Atlanta, GA 30340.

   c. On or about March 12, 2014, defendant **KUECHER** leased property located at 3550 Clarkston Industrial Boulevard, Suite I, Clarkston, GA 30021.

   d. On or about December 23, 2013, defendant **MESIKA** and Houser directed T.W. to create a new LLC and open a new bank account in that LLC's name.

   e. On or about June 1, 2016, defendant **KUECHER** distributed to a customer in Texas numerous pro-hormone dietary supplements manufactured in an unregistered food facility in Georgia.

All in violation of Title 18, United States Code, Section 371.

## COUNTS THIRTEEN THROUGH SIXTEEN
### Failure to Register a Food Facility
### (21 U.S.C. §§ 331(dd) and 333(a)(2))

31. The factual allegations set forth in paragraphs 1 through 10 and 27 through 29 are re-alleged and incorporated herein by reference.

32. From on or about the dates set forth below, each date constituting a separate count of the Indictment, in the Northern District of Georgia and elsewhere, defendants, **BENY MESIKA** and **ELIZABETH KUECHER**, aided and abetted by others known and unknown to the Grand Jury, with intent to defraud and mislead, did fail to register with the FDA certain food facilities, as more particularly described below, in accordance with Title 21, United States Code, Section 350d:

| COUNT | DATES | FOOD FACILITY ADDRESS |
|---|---|---|
| 13 | Jan. 28, 2014 | 1755 Wilwat Drive, Suite E Norcross, GA 30093 |
| 14 | March 23, 2015 | 5891 New Peachtree Rd, Suite 120, Doraville, GA 30340 |
| 15 | February 4, 2015 | 3715 Northcrest Road, Suite 25, Atlanta, GA 30340 |
| 16 | March 23, 2015 | 3550 Clarkston Industrial Boulevard, Suite I, Clarkston, GA 30021 |

All in violation of Title 21, United States Code, Sections 331(dd) and 333(a)(2) and Title 18, United States Code, Section 2.

## COUNTS SEVENTEEN THROUGH TWENTY-ONE
### Money Laundering
### (18 U.S.C. § 1957(a))

33.   The factual allegations set forth in paragraphs 1 through 10 are re-alleged and incorporated herein by reference.

34.   On or about the dates set forth below, each date constituting a separate count of the Indictment, in the Northern District of Georgia and elsewhere, defendant, **BENY MESIKA**, aided and abetted by others known and unknown to the Grand Jury, did knowingly engage and attempt to engage in monetary transactions affecting interstate commerce, as described below, each transaction involving criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, the knowing and intentional manufacture, distribution, and dispense, and the possession with intent to manufacture, distribute, and dispense, of a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(E):

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| 17 | 02/05/2013 | Check #1380 issued from defendant **MESIKA**'s Signature Bank Account *6580 to A.L.M. for $25,000.00 (BMW M5) |
| 18 | 03/28/2013 | Wire transfer from defendant **MESIKA**'s Signature Bank Account *6580 to E.M.M. for $40,000.00 (Porsche 911 Turbo) |
| 19 | 09/30/2015 | Check #1154 from defendant **MESIKA**'s JP Morgan Chase Account *1512 to F.A. for $35,000.00 (Ferrari 458) |

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| 20 | 02/03/2016 | Wire transfer from West Meadows Productions, LLC's Signature Bank Account *5227 to H.C. for $50,000.00 (Land Rover) |
| 21 | 03/24/2016 | Check #11510 from Active Sports Supplements, LLC's Bank of North Georgia Account *4647 to F.A. for $20,000.00 (Ferrari 488) |

All in violation of Title 18, United States Code, Sections 1957(a) and 2.

### COUNTS TWENTY-TWO THROUGH TWENTY-FIVE
### Money Laundering
### (18 U.S.C. § 1956(a)(1)(A)(i))

35. The factual allegations set forth in paragraphs 1 through 10 are re-alleged and incorporated herein by reference.

36. On or about the dates set forth below, each date constituting a separate count of the Indictment, in the Northern District of Georgia and elsewhere, defendant, **BENY MESIKA,** did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, as described below, which involved the proceeds of a specified unlawful activity, that is, the knowing and intentional manufacture, distribution, and dispense, and the possession with intent to manufacture, distribute, and dispense, of a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(E), with the intent to promote the carrying on of the specified unlawful activity, knowing that the property involved in such financial transactions represented the proceeds of some form of unlawful activity:

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| 22 | 12/13/2013 | $110,200.00 wire transfer from N.L.L.'s Signature Bank of Georgia Account to BWC Investments, LLC's JP Morgan Chase Account *5961 |
| 23 | 01/23/2014 | $40,000.00 wire transfer from N.L.L.'s Bank of North Georgia Account to Twin Peaks Formulations' JP Morgan Chase Account *9345 |
| 24 | 01/27/2014 | $30,000.00 wire transfer from N.L.L.'s Bank of North Georgia Account to Twin Peaks Formulations' JP Morgan Chase Account *9345 |
| 25 | 06/09/2014 | $73,500.00 wire transfer from N.L.L.'s Wells Fargo Bank Account to Twin Peaks F, LLC's JP Morgan Chase Account *9185 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

## Forfeiture

As a result of committing one or more of the offenses alleged in Counts One through Four of this Indictment, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(E), the defendants, **BENY MESIKA** and **ELIZABETH KUECHER**, shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations, pursuant to Title 21, United States Code, Section 853, including, but not limited to, the following:

a. MONEY JUDGMENT: A sum of money equal to the total amount of proceeds obtained as a result of the violations for which the defendant is convicted;

b. 2010 BMW M5, bearing VIN WBSNB9C52AC043274;

c. 2014 Ferrari 458 Speciale, bearing VIN ZFF75VFAXE0203449;

d. 2017 Ferrari 488 GTB, bearing VIN ZFF79ALA2H0220039;

e. 2016 Land Rover Range Rover SV Autobiography, bearing VIN SALGW3EF2GA267312;

f. 2012 McLaren MP4-12 C, bearing VIN SBM11AAA7CW000603;

g. 2013 Nissan Pathfinder, bearing VIN 5N1AR2MN6DC629435;

h. 2008 Porsche 911, bearing VIN WP0AD299X8S784211;

i. 2014 Porsche Cayenne, bearing VIN WP1AD2A25ELA70568;

j. Real Property located at 1914 Clairmont Terrace, Atlanta, DeKalb County, Georgia 30345;

k. Real Property located at 2122 Plaster Road, Atlanta, DeKalb County, Georgia 30345;

l. Real Property located at 2128 Plaster Road, Atlanta, DeKalb County, Georgia 30345;

m. Real Property located at 3499 Highway 154, Newnan, Coweta County, Georgia 30265; and

n. Real Property located at 8241 Nesbit Ferry Road, Sandy Springs, Fulton County, Georgia 30350.

As a result of committing one or more of the offenses alleged in Counts Eight through Eleven of this Indictment, in violation of Title 18, United States Code,

Section 545, the defendants, **BENY MESIKA** and **ELIZABETH KUECHER**, shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations, pursuant to Title 18, United States Code, Section 982(a)(2)(B), including, but not limited to, the following:

a. MONEY JUDGMENT: A sum of money equal to the total amount of proceeds obtained as a result of the violations for which the defendant is convicted;

b. 2010 BMW M5, bearing VIN WBSNB9C52AC043274;

c. 2014 Ferrari 458 Speciale, bearing VIN ZFF75VFAXE0203449;

d. 2017 Ferrari 488 GTB, bearing VIN ZFF79ALA2H0220039;

e. 2016 Land Rover Range Rover SV Autobiography, bearing VIN SALGW3EF2GA267312;

f. 2012 McLaren MP4-12 C, bearing VIN SBM11AAA7CW000603;

g. 2013 Nissan Pathfinder, bearing VIN 5N1AR2MN6DC629435;

h. 2008 Porsche 911, bearing VIN WP0AD299X8S784211;

i. 2014 Porsche Cayenne, bearing VIN WP1AD2A25ELA70568;

j. Real Property located at 1914 Clairmont Terrace, Atlanta, DeKalb County, Georgia 30345;

k. Real Property located at 2122 Plaster Road, Atlanta, DeKalb County, Georgia 30345;

   l.  Real Property located at 2128 Plaster Road, Atlanta, DeKalb County, Georgia 30345;

   m. Real Property located at 3499 Highway 154, Newnan, Coweta County, Georgia 30265; and

   n.  Real Property located at 8241 Nesbit Ferry Road, Sandy Springs, Fulton County, Georgia 30350.

In addition, as a result of committing one or more of the money laundering offenses alleged in Counts Seventeen through Twenty-Five of this Indictment, in violation of Title 18, United States Code, Sections 1956 and 1957, the defendant, **BENY MESIKA**, shall forfeit to the United States any and all property, real or personal, involved in such offenses and all property traceable to such offenses, pursuant to Title 18, United States Code, Section 982(a)(1), including, but not limited to, the following:

   a. MONEY JUDGMENT: A sum of money equal to the total amount of money involved in each offense for which the defendant is convicted;
   b. 2010 BMW M5, bearing VIN WBSNB9C52AC043274;
   c. 2014 Ferrari 458 Speciale, bearing VIN ZFF75VFAXE0203449;
   d. 2017 Ferrari 488 GTB, bearing VIN ZFF79ALA2H0220039;
   e. 2016 Land Rover Range Rover SV Autobiography, bearing VIN SALGW3EF2GA267312;
   f. 2012 McLaren MP4-12 C, bearing VIN SBM11AAA7CW000603;
   g. 2013 Nissan Pathfinder, bearing VIN 5N1AR2MN6DC629435;

  h. 2008 Porsche 911, bearing VIN WP0AD299X8S784211;

  i. 2014 Porsche Cayenne, bearing VIN WP1AD2A25ELA70568;

  j. Real Property located at 1914 Clairmont Terrace, Atlanta, DeKalb County, Georgia 30345;

  k. Real Property located at 2122 Plaster Road, Atlanta, DeKalb County, Georgia 30345;

  l. Real Property located at 2128 Plaster Road, Atlanta, DeKalb County, Georgia 30345;

  m. Real Property located at 3499 Highway 154, Newnan, Coweta County, Georgia 30265; and

  n. Real Property located at 8241 Nesbit Ferry Road, Sandy Springs, Fulton County, Georgia 30350.

If, as a result of any act or omission of defendants **MESIKA** and **KUECHER**, property subject to forfeiture cannot be located upon the exercise of due diligence; has been transferred to, sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property, which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), to

seek forfeiture of any other property of defendants **MESIKA** and **KUECHER**, up to the value of the forfeitable property described above.

A ___True___ BILL

_____
FOREPERSON

BYUNG J. PAK
*United States Attorney*

*/s/ Steven D. Grimberg*
STEVEN D. GRIMBERG
*Assistant United States Attorney*
Georgia Bar No. 312144

*/s/ Steven D. Grimberg* for:
KELLY K. CONNORS
*Assistant United States Attorney*
Georgia Bar No. 504787

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181